UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David North,<br><br>    Plaintiff<br><br>v.<br><br>Warden Brian Kohen, et al.,<br><br>    Defendants | Case No.: 2:21-cv-02239-APG-BNW<br><br>**Screening Order on<br>Third Amended Complaint<br>(ECF No. 15 at Ex. A)** |

On December 23, 2021, defendant CoreCivic removed this civil rights action from the Fifth Judicial District Court of the State of Nevada to this court. ECF No. 1. CoreCivic argued that removal was proper because plaintiff David North asserted federal constitutional claims, and the court had supplemental jurisdiction over his state-law claims. *Id.* at 2. CoreCivic also justified removal on the grounds that diversity of citizenship exists between the parties. *Id.* I now screen North's third amended complaint (TAC) under 28 U.S.C. § 1915A(a).[1] North fails to state any colorable claims under federal law, and I do not have jurisdiction over North's state-law claims. Thus, I remand North's state-law claims back to state court, deny the remaining motions as moot, and close this case.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that

---

[1] Following removal, North moved for leave to amend his second amended complaint. ECF No. 15. In response, CoreCivic requested that the court screen the proposed TAC. ECF No. 20. I grant the motion for leave to amend and deem the TAC the operative complaint.

are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).  In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. *Id.* at 389.  "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *See id.*

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.  The plaintiff must provide more than mere labels

and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). But all or part of a prisoner's complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     SCREENING OF TAC

North sues multiple defendants for events that took place while he was a pretrial detainee at Nevada Southern Detention Center (NSDC), a private prison under contract with the United States Marshals Service. ECF No. 15 at 7. He sues Warden Brian Kohen, Assistant Warden Pamela Laurer, Health Administrator Paul Ena, Nurse Richard Sutton Jr., Nurse Vogt, Nurse Victoria Griffin, Nurse Smith, Nurse Jennifer Austin, Dr. David Rivas, Nurse Practitioner Jay Peterson, CoreCivic, and multiple Jane and John Does. He alleges that each individual defendant is an employee of CoreCivic, the entity that runs NSDC. He asserts claims under the

Fourteenth Amendment as well as various state-law claims, and he seeks monetary and declaratory relief.

The TAC alleges the following: On May 16, 2019, North scratched his hand during "physical activity" on the yard at NSDC. The next day, North was forced to defend himself against an inmate in his cell. During the altercation, North hit the inmate in the mouth with the same hand he had scratched the day before. The hand was cut by the inmate's teeth, and as a result one of North's fingers began to swell. Later that day, North showed Nurse Vogt the injury, explained that the finger had "made contact" with human teeth, and asked for antibiotics. Nurse Vogt told North that he would need to wait until the next day to receive assistance.

The remainder of the TAC describes the defendants' allegedly inadequate responses to North's attempts to seek treatment for his injured finger. For example, on May 19, 2019, North sought medical assistance from Nurse Sutton. By this time, North's finger had "obvious signs" of infection, including that it was "swollen about three times its normal size" and discharging puss. North asked Nurse Sutton to take him to a doctor. Nurse Sutton declined the request because the finger was not "broken or infected" but merely sprained. The next day, Dr. Rivas learned about North's injury "over the phone," prescribed the "incorrect" type of antibiotics, and ignored the broken bone in North's finger. North alleges that the defendants' failure to appropriately address his injury caused disfigurement in his finger that ultimately required joint replacement surgery.

Based on these allegations, North asserts (i) Fourteenth Amendment claims based on the denial of appropriate treatment for his injured finger, and (ii) various state-law claims based on the inadequate response to the injury, including claims under the Nevada State Constitution and claims for professional negligence and gross negligence.

### A. Federal Constitutional Claims

Although North cites 42 U.S.C. § 1983 in the TAC, he cannot pursue his federal constitutional claims under § 1983 because none of the defendants is a state actor. Section 1983 "provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). North's claims arise from his time as a pretrial detainee at a private prison under contract with the United States Marshals Service. ECF No. 15 at 7. North asserts claims against CoreCivic—the entity that runs NSDC—and various CoreCivic employees. Because neither CoreCivic nor its employees was acting under color of state law, North cannot bring his Fourteenth Amendment claims under § 1983. *See, e.g.*, *Pincombe v. Collins*, No. 14-cv-01328, 2014 WL 5822802, at *2 (D. Nev. Nov. 6, 2014) ("The Corrections Corporation of America . . . operates the detention facility in which Plaintiff is detained under an agreement with the United States Bureau of Prisons, and is therefore considered a federal actor [rather than a state actor subject to suit under § 1983].").

To the extent that North has any colorable constitutional claims, they must proceed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under § 1983. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978).

But "expansion of *Bivens* is a disfavored judicial activity." *Hernandez v. Mesa,* 140 S. Ct. 735, 742 (2020) (simplified). In *Correctional Services Corp. v. Malesko*, for example, the Supreme Court held that *Bivens* does not authorize constitutional claims against a private corporation operating a facility under contract with the Federal Bureau of Prisons. 534 U.S. 61,

5

63 (2001). And in *Minneci v. Pollard*, the Supreme Court expressly declined to "imply the existence of an Eighth Amendment-based damages action (a *Bivens* action) against employees of a privately operated federal prison." 565 U.S. 118, 120 (2012). The Court in *Minneci* held that, where "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as . . . conduct involving improper medical care . . .), the prisoner must seek a remedy under state tort law." *Id.* at 131.

Here, North attempts to bring a *Bivens* action against CoreCivic—a private entity operating a federal prison—and several CoreCivic employees. ECF No. 15 at 4-7. Although North is raising claims under the Fourteenth Amendment as a pretrial detainee, rather than the Eighth Amendment as a convicted inmate, his claims rest entirely on the assertion that the defendants provided inadequate medical care for his injured finger. Claims like these fall within the scope of traditional state tort law. Because none of North's constitutional claims are cognizable under *Bivens*, I dismiss his federal claims. *See, e.g.*, *Bacon v. Core Civic*, No. 20-cv-00914, 2021 WL 6200603, at *5 (D. Nev. Mar. 9, 2021) ("Because [plaintiff] has alternative remedies available . . . I dismiss the Eighth Amendment *Bivens* claims against the Core Civic employees for deliberate indifference to serious medical needs."); *Ball v. Medred*, No. 19-cv-00004, 2019 WL 3021421, at *3 (D. Mont. May 31, 2019) ("Although [plaintiff's] claims arise under the Fourteenth Amendment as opposed to the Eighth Amendment because he was a pretrial detainee, the holding in *Minneci* still applies."), *adopted by* 2019 WL 3017480 (D. Mont. July 10, 2019).

### B. Diversity Jurisdiction

CoreCivic argues that even if the court lacks federal-question jurisdiction over this action, it nevertheless has diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1 at 2. According to CoreCivic, diversity jurisdiction exists because CoreCivic is a Maryland corporation with its principal place of business in Tennessee, North is a citizen of Nevada, and the amount in controversy exceeds $75,000. *Id.* CoreCivic also notes that it is the only defendant that has been properly served in this action. *Id.* at 1 n.1. A district court has original jurisdiction based on diversity when there is complete diversity between the parties and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a).

The TAC alleges that North and all of the individual defendants—Kohen, Laurer, Ena, Sutton, Vogt, Griffin, Smith, Austin, Dr. Rivas, and Peterson—reside in Nevada. ECF No. 15 at 4-6. Thus, the parties in this action are not completely diverse. Although CoreCivic alleges that it is the only properly served defendant, the Ninth Circuit has "specifically rejected the contention that . . . service is the key factor in determining diversity." *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969)). "The well-established rule is that the citizenship of all defendants, *whether served or not*, must be considered in establishing complete diversity." *Hernandez v. Walmart Inc.*, No. 21-cv-2058, 2021 WL 2178847, at *3 (C.D. Cal. May 28, 2021) (emphasis added) (citing *Vitek*, 412 F.2d at 1176). North alleges in good faith that each of the individual defendants is a Nevada resident. The presence of those defendants destroys diversity regardless of whether they have been served. Because there is not complete diversity between the parties, the court does not have diversity jurisdiction over North's state-law claims under 28 U.S.C. § 1332(a).

### C. Supplemental Jurisdiction

In civil actions in which federal district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because I have dismissed all of North's federal claims, leaving only state-law claims, and because this court lacks diversity jurisdiction, I decline to exercise supplemental jurisdiction over North's state-law claims. I *sua sponte* remand this case back to the Fifth Judicial District Court of the State of Nevada.

### D. Pending Motions

North has filed several motions, including a motion to remand, a motion for discovery, a motion for an extension of time to effectuate service, and a motion for appointment of counsel. ECF Nos. 5, 6, 7, 10, 11. Because I do not have jurisdiction over the remaining claims in this case, I deny these motions as moot.

## III. CONCLUSION

I therefore order that North's motion for leave to amend his complaint **(ECF No. 15) is granted**, and the TAC (ECF No. 15 at Ex. A) is the operative complaint.

I order that North's Fourteenth Amendment claims, which I construe as *Bivens* claims, are dismissed, and I decline to exercise supplemental jurisdiction over the remaining state-law claims.

I order that all remaining motions (ECF Nos. 5, 6, 7, 10, 11) are denied as moot.

/ / / /

I order the Clerk of the Court to remand this action back to the Fifth Judicial District Court, Nye County, Case Number CV 21-0278, and to close this case.

Dated: March 31, 2022

_____
U.S. District Judge